IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TELLIS T. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 3:10-1035 |
| ) | JUDGE HAYNES |
| v. ) | |
| ) | |
| CAPTAIN JERRELL JONES, ) | |
| NURSE SUSAN REECE, ) | |
| NURSE BRANDON SMITH, ) | |
| DR. "JOHN" MATTHEWS, ) | |
| BABETTE BANIUS and ) | |
| ANN HENDERSON, ) | |
| ) | |
| Defendants. ) | |

# M E M O R A N D U M

Plaintiff, Tellis T. Williams, a federal prisoner, filed this action under 42 U.S.C. § 1983 against Defendants: Captain Jerrell Jones, Nurse Susan Reece, Nurse Brandon Smith, Dr. "John" Matthews, Babetta Lanius and Ann Henderson. Defendants Lanius and Henderson, who are sued in their official capacities only, are employees of the Robertson County, Tennessee and Southern Health Partners and Defendants Jones, Reece, Smith and Dr. Matthews are named in their "official and unofficial" capacities. Plaintiff's claims are that the Defendants violated his right under the Due Process Clause of the Fourteenth Amendment by denying him proper nutrition at the Robertson County Detention Facility ("RCDF") where he was a pre-trial detainee.

Before the Court are the Defendants motions to dismiss (Docket Entry Nos. 34 and 38) contending, in sum that Plaintiff's action is time-barred under the applicable statute of

1

limitations. Plaintiff filed a response asserting that the limitation period did not commence until his transfer from RCDF and thus, his action is timely filed. (Docket Entry No. 44).

Plaintiff also filed a motion to amend his complaint (Docket Entry No. 46), but did not attach his proposed amended complaint. Yet, because Plaintiff's contention on when the statute of limitation commenced is erroneous as a matter of law, the Court denies the motion to amend as futile. Moore v. City of Paducah, 790 F.2d 557-559 (6th Cir. 1986) (per curiam).

For the reasons set forth below, the Court concludes that under the Sixth Circuit precedent, the applicable statute of limitation commences when Plaintiff was on reasonable notice of his claim. Here, the Court concludes that Plaintiff was on actual notice of his claim more than once the one-year prior to his filing of this action. Thus, this action is untimely and the Defendants' motions to dismiss should be granted.

### A. Analysis of the Complaint

According to his complaint, Plaintiff was at the RCDF on April 17, 2009 as a federal pretrial detainee. (Docket Entry No. 1, Complaint at 5). On May 1, 2009, Plaintiff knew that he had not lost approximately sixteen (16) pounds since his confinement at the RCDF. Id. On July 30, 2009, Plaintiff wrote a letter to the Honorable Todd J. Campbell, Chief Judge of this District who presided over Plaintiff's criminal action. (United States v. Williams, Case No. 3:09cr-00090 at Docket Entry No. 20). In this letter, Plaintiff cited his weight loss due to lack of nutrition at the RCDF. Id.

At the United States Marshal's request on August 3, 2009, nurse Reece weighed Plaintiff and Plaintiff weighed 146.5 pounds. (Docket Entry No. 1 at 6). At a September 4, 2009 evidentiary hearing in his criminal action, Plaintiff was weighed 149 pounds. Id. At that hearing, Jane Greene, a clinical dietician at Vanderbilt University Medical Center testified that

2

"[i]f that person came into my hospital, I would be concerned that he was underweight and would need some type of nutritional intervention to improve his nutritional status." Id. at 8. On October 26, 2009, Judge Campbell ordered that Plaintiff to be transferred to another facility based upon concerns about the nutrition at RCDF. Id. at 10.

On October 28, 2010, Plaintiff signed the "Certification" page of his complaint in this action. Id. at 15.

### B. Conclusions of Law

A defendant can file a motion to dismiss based upon statute of limitation defense. Jones v. Brock, 549 U.S. 199, 215 (2007) ("if the allegations . . . show that relief is barred by the applicable *statute of limitations*, the complaint is subject to dismissal for *failure to state a claim*.") (emphasis added).

For actions under 42 U.S.C. § 1983, the statute of limitations is the limitations period for personal injury claims in the State where the claim arose. Wallace v. Kato, 549 U.S. 384, 387 (2007). In Tennessee, Section 1983 actions are governed by the one-year statute of limitations, Tenn. Code ann. § 28-3-104. Although state law provides the statute of limitations, federal law governs when the statute of limitations commences. Sevier v. Turner, 742 F.3d 262, 272 (6th Cir. 1984). In this Circuit, the limitations period commences "when plaintiffs knew or should have known of the injury which forms the basis of their claims." Ruff v. Runyon, 258 F.3d 498, 500 (6th Cir. 2001).

Plaintiff's claims are for denial of adequate nutrition and as a pretrial detainee, Plaintiff has a constitutional right under the Due Process Clause of the Fourteenth Amendment. Bell v. Wolfish, 441 U.S. 520 (1979). See Grubbs v. Bradley, 552 F. Supp. 1052, 1122 (M.D. Tenn. 1982). On May 1, 2009, Plaintiff was aware that he had lost approximately sixteen (16) pounds

3

since his confinement at the RCDF. In his July 30, 2009 letter to Chief Judge Campbell, Plaintiff described his weight loss and attributed that loss to the lack of nutrition at the RCDF. Plaintiff heard Green's expert testimony at the September 4, 2009 hearing that he lacked adequate nutrition. On October 26, 2009, Judge Campbell ordered that Plaintiff to be transferred based upon concerns about Plaintiff's nutrition. Plaintiff did not file this action until October 28, 2010 when he signed the "Certification" page of his complaint that is the appropriate measure for the filing of this action. See Brand v. Motley, 526 F.3d 921, 925 (6th Cir. 2008).

Based upon the factual allegations in his complaint, Plaintiff was on actual notice of the facts giving rise to his claim by July 30, 2009 when he wrote Chief Judge Campbell and was also on actual notice by the September 4, 2009 hearing where the nutritional expert testified. As to Plaintiff's reliance on the date of his actual transfer from RCDF, Chief Judge Campbell ordered that transfer on October 26, 2009. Plaintiff's relies on his physical transfer from RCDF, but under Ruff, that date relates to the extent of his injuries, not to when his claims arose. Plaintiff's actual transfer is the inappropriate date to measure the commencement of the limitations period.

Based upon Ruff, the Court concludes that the Defendants' motions to dismiss should be granted.

An appropriate Order is filed herewith.

ENTERED this the 16th day of September, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge

4